UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILDRED PERSON, on behalf of herself and all others similarly situated<br><br>    Plaintiff,<br><br>v.<br><br>STATEBRIDGE COMPANY, LLC and WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST II<br><br>    Defendant | Case No. 1:22-cv-3689 |

## NOTICE OF REMOVAL

Defendants Statebridge Company, LLC ("Statebridge") and Wilmington Savings Fund Society, FSB d/b/a Christiana Trust as Trustee for PNPMS Trust II (the "Trustee") (collectively, "Defendants"), hereby removes this action to this Court from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. As grounds for removal, Defendants state the following:

**THE STATE COURT ACTION**

1. Plaintiff Mildred Person initiated a putative class action lawsuit by filing a complaint in the Circuit Court of Cook County, Illinois on or about June 15, 2022. This action was pending in the state court as Case Number 2022 CH 05798 (the "State Court Action").

2. The complaint alleges that Statebridge violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act 47 U.S.C. §227 *et seq* ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS § 505 ("ICFA") by making false and misleading statements to Plaintiff in its attempt to collect debts. (Compl. at ¶¶ 77-122.) It also alleges that the Trustee violated ICFA (Compl., ¶¶ 81-103). Plaintiff also brings

a putative class claim under the TCPA, alleging that Defendant Statebridge violated the TCPA in its phone calls to Plaintiff and the putative class members relating to certain telephone calls that Plaintiff alleges that Statebridge made. (Compl., ¶¶ 105-131.) Plaintiff purports to bring these claims on behalf of a) all individuals residing in the United States; b) whose cellular telephone number, within four years of the filing of this action; (c) received a call from Statebridge or someone acting on its behalf using the same or similar artificial pre-recorded or artificial voice used to call Plaintiff; and (d) where such calling occurred without the person's express consent. (Compl., ¶ 123.)

## PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Plaintiff filed this complaint on or about June 15, 2022, but has not yet served it on Defendants. Removal is, therefore, timely because Defendants filed this notice within 30 days of the filing of the complaint, and before Defendants were served. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

4. For removal purposes, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where Plaintiff filed the State Court Action.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a violation of the FDCPA and TCPA. (*See* Compl., ¶¶ 76-80, 104-131.)

6. This Court has jurisdiction over the ICFA claims pursuant to 28 U.S.C. § 1367 because the ICFA claims arise from and are so related to the claims brought under the FDCPA

and the TCPA that they form part of the same case or controversy under Article II of the United State Constitution.

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other filings filed in State Court Action are attached hereto as **Exhibit 1**.

8. Pursuant to 28 U.S.C. § 1446(d), and concurrently with the filing of this Notice of Removal, Defendants will (1) serve Plaintiff with a copy of the Notice of Removal, and (2) file a copy of the Notice of Removal in the State Court Action. A copy of the Notice of Filing of Notice of Removal that will be filed in the State Court Action is attached hereto as **Exhibit 2**.[1]

## SUBJECT MATTER JURISDICTION EXISTS

9. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to the federal district court located where the action is pending.

10. This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. Section 1331 vests federal district courts with original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." And Section 1367, vests the Court with supplemental jurisdiction over those claims that are "so related to claim in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. Plaintiff has alleged that Statebridge violated the FDCPA and the TCPA, which is a federal statute governing debt collection practices. Thus, this action arises under the laws of the United States.

---

[1] Defendants have not attached the exhibit to the Notice of Filing of Notice of Removal because the exhibit is this Notice of Removal.

12. Plaintiff has alleged that Defendants violated ICFA for the same general conduct that makes up Plaintiffs FDCPA and TCPA claims. (*See* Compl., ¶¶ 81-103.)

13. Removal of this case is thus proper under 28 U.S.C. §§ 1331, 1367, and 1441(a).

### ADDITIONAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14. Defendants paid all fees required by law in connection with this notice of removal.

15. All other requirements for removal and for federal court jurisdiction have been satisfied.

16. By filing this notice of removal and the associated attachments, Defendants do not waive any objections it may have as to service, jurisdiction, or venue, or any other claims, defenses, or objections available to it in this action. Furthermore, Defendants intend no admission of fact, law, or liability by this notice and expressly reserves all defenses, motions, and pleas.

17. If any questions arise as to the adequacy or propriety of the removal of this action, Defendants request the opportunity to supplement this notice with additional evidence and/or to brief any disputed issues and present oral argument in support of this removal.

Defendants hereby remove this action from the Circuit Court of Cook County, Illinois to the United State District Court for the Northern District of Illinois, so that this Court may assume jurisdiction over this cause as provided by law.

Dated: July 15, 2022          **STATEBRIDGE COMPANY, LLC AND WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST II**

         By:   /s/ Ryan A. Sawyer
         *One of its attorneys*

Thomas J. Cunningham (6215928)
*tcunningham@lockelord.com*
Nicholas D. O'Conner (6302672)
*noconner@lockelord.com*
Ryan A. Sawyer (6293696)
*ryan.sawyer@lockelord.com*
Locke Lord LLP
111 S. Wacker Drive
Chicago, Illinois 60606
312-443-1751 (RAS)

**CERTIFICATE OF SERVICE**

    I, Ryan A. Sawyer, an attorney, certify that the foregoing was served upon all parties entitled to notice via the Court's CM/ECF. I further certify that I caused the foregoing to be served upon those persons or entities identified below by electronic mail on July 15, 2022 to the address below.

    Seth McCormick
    Great Lakes Consumer Law Firm, LLC
    73 W. Monroe St., Suite 100
    Chicago, IL 60603
    seth@glclf.com

    *Counsel for Plaintiff*

                                                    /s/ Ryan A. Sawyer