# EXHIBIT 1

**12-Person Jury**

Hearing Date: 10/14/2022 10:00 AM
Location: Court Room 2410
Judge: Loftus, Anna M.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

FILED
6/15/2022 9:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05798
Calendar, 15
18308119

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| MILDRED PERSON, on behalf of herself and all others similarly situated | ) ) ) | **2022CH05798** |
| Plaintiff | ) ) | Case No. _____ |
| v. | ) ) ) | |
| STATEBRIDGE COMPANY, LLC and WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE FOR PNPMS TRUST II | ) ) ) ) ) | |

### COMPLAINT

COMES NOW, Plaintiff, Mildred Person, by and through her undersigned attorneys and 2022CH05798 files her Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"); and the Illinois Consumer Fraud Act, 815 ILCS § 505 ("ICFA") against Statebridge Company, LLC ("Statebridge" or "Defendant") and alleges:

### NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

FILED DATE: 6/15/2022 9:44 PM 2022CH05798

collection letter containing a violation of the FDCPA is a victim of abusive practices. See 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

7. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

8. ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002).

9. ICFA provides redress for conduct that is either deceptive or unfair. *Id.* at 417.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

10.    ICFA "is to be liberally construed to effectuate its purpose." *Id.*

11.    Plaintiff seeks a remedy for unfair conduct by Wilmington and Statebridge for the unfair practice for continuing to collect and already settled debt in connection with an Open End Note and Mortgage entered into between Plaintiff and Wilmington's predecessor in interest.

12.    The TCPA regulates, among other things, the use of automated telephone equipment and robocalls. 47 U.S.C. § 227(a)(1).

13.    According to the findings by the Federal Trade Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. 47 U.S.C. § 227(b)(1)(A)(iii).

*14.*    On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by (or on behalf of) a creditor are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (Jan. 4, 2008).

15.    The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C.R. at 564-65, ¶10.

3

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

16.     Plaintiff seeks certification of a class to redress the conduct of Statebridge for the violations of the TCPA in its attempt to collect the Account.

## PARTIES

17.     Plaintiff is a resident of the State of Illinois, from whom Defendant attempted to collect a debt allegedly owed for her home mortgage (the "Account").

18.     Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

19.     Defendant Statebridge is a Colorado limited liability company that conducts business within the state of Illinois and as a debt collector as defined by §1692(a)(6) of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts.

20.     Wilmington Savings Fund Society, FSB is a Delaware financial services company that conducts business within the state of Illinois.

## FACTUAL ALLEGATIONS

21.     In 2005, Plaintiff incurred a debt by a home equity line of credit (the "Account") from American General Financial Services (the "Lender").

22.     As collateral on the Account, Plaintiff executed an Open-End Mortgage (the "Mortgage").

23.     The Account was incurred for personal, family or household services.

24.     The Account is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

25.     At all times relevant to the Complaint, the Account and Mortgage were serviced by Statebridge.

4

FILED DATE: 6/15/2022 9:44 PM 2022CH05798

26.     At all times relevant to the Complaint, Statebridge considered the Account and Mortgage to be in default.

27.     Prior to Statebridge's servicing of the Mortgage, the Account went into default.

28.     In 2021, Wilmington commenced a foreclosure action against Plaintiff seeking to foreclose upon Plaintiff's home.

29.     At the time of the foreclosure, Plaintiff had not made a payment on the Account since 2008.

30.     On June 4, 2021, Plaintiff filed suit against the Defendants and several other parties for violations of the FDCPA and ICFA (the "Prior Lawsuit").

31.     The allegations in the Prior Lawsuit were, among other things, Wilmington's right to enforce the Account were barred by the statute of limitations.

32.     The Prior Lawsuit ended with a settlement (the "Settlement"), in which Wilmington released its Mortgage and released Plaintiff from any and all claims, including the Account.

33.     Since December 2021, Statebridge has on a nearly daily basis placed phone calls to Plaintiff on her cell phone in an effort to collect the Account.

34.     When Plaintiff answers the phone, she hears a pre-recorded message that states "this line may be recorded," followed by a click and pause, after which a representative would come on the line.

35.     During each phone call, Plaintiff spoke with an agent or employee of Statebridge.

36.     The Statebridge representative states that the balance on the Account is in various amounts increasing up to $40,659.80, despite Plaintiff been released from her obligations on the Account and the Mortgage.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

37.   Statebridge attempted to collect from Plaintiff more money than was actually owed on the Account.

38.   Statebridge's collection call to Plaintiff was a "communication" as that term is defined at § 1692a(2) of the FDCPA.

39.   Statebridge calls on behalf of Wilmington despite Wilmington's representations vis-à-vis the Settlement Agreement that it had closed out the Account in full.

40.   Statebridge nevertheless continued to call Plaintiff and demand payments on the Account, even though Plaintiff had been released by the Settlement Agreement.

41.   Specifically, Statebridge called Plaintiff at least weekly since December 2021 and demanded payments on the Account, even though Plaintiff had resolved the Account.

42.   Statebridge agents called Plaintiff a deadbeat and were incredibly aggressive and provided misinformation about her obligations on the Account.

43.   These additional collection calls were also each a "communication" as that term is defined at § 1692a(2) of the FDCPA.

44.   15 U.S.C. § 1692e of the FDCPA provides as follows

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section**

**. . . (2) The false representation of**

**(A) the character, amount, or legal status of any debt**

45.   On each call, Statebridge misrepresented the amount owed on the Account by demanding full payment of $40,659.80, in violation of §1692ae(2)(A).

6

FILED DATE: 6/15/2022 9:44 PM    2022CH05798

46.    Statebridge misrepresented the amount owed on the Account by demanding full payment of $40,659.80 on each call, when Plaintiff had already been released from her obligations on the Account in full on execution of the Settlement Agreement, in violation of §1692ae(2)(A).

47.    15 U.S.C. §1692f provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Within limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law**

48.    Statebridge used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when Statebridge sought to collect the more than the amount due on the Account.

49.    Statebridge used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when Statebridge sought to collect the amounts from Plaintiff on an Account she had already been released from on each call placed to Plaintiff.

50.    On April 4, 2022, Statebridge sent Plaintiff a letter (the "Letter") attempting to collect the Account. A true and correct copy of the Letter is attached hereto as Exhibit A.

51.    The Letter provides that the "Total Amount Due" on the Account is $40,659.80.

52.    Even if Plaintiff's Account had not been settled in the Prior Lawsuit, any claims on the Account are barred by the statute of limitations.

53.    Plaintiff's last payment on the Account was in 2011.

54.    The statute of limitation in Illinois on written contracts is ten years. 735 ILCS 5/13-206.

FILED DATE: 6/15/2022 9:44 PM 2022CH05798

55. The statute of limitations in Illinois on an unwritten contract is five years. 735 ILCS 5/13-205.

56. 37. Filing a case to collect a time-barred debt violates the FDCPA. *Manlangit v. FCI Lender Services, Inc.*, No.19-cv-03265, 2020 WL 5570092 (N.D. Ill. September 16, 2020)("Attempting to collect on a time-barred debt is a violation of §§ 1692e and 1692f of the FDCPA which prohibit debt collectors from using unfair, "false, deceptive, or misleading representations or means" in collecting a debt. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1083 (7th Cir. 2013); *Eul v. Transworld Sys.*, No. 15 C 7755, 2017 WL 1178537, at *8 (N.D. Ill. Mar. 30, 2017) ("In this Circuit, filing a time-barred debt collection lawsuit, in and of itself, violates this prohibition because such a suit falsely implies that the debt collector has legal recourse to collect the debt.")

57. Thus, a collection lawsuit on the Account was time-barred when Statebridge sent its collection letter to Plaintiff, which was more than ten years after the cause of action relating to the Account had accrued.

58. The collection letter did not, however, inform Plaintiff that legal action on the Account was time-barred, and that Plaintiff could not be sued for it.

59. The collection letter did not inform Plaintiff that some actions, including a partial payment, could revive the statute of limitations and permit a lawsuit against Plaintiff.

60. A collection letter is deceptive (a) when it does not tell the consumer that the debt is time-barred and the debt collector or creditor cannot sue the consumer to collect it or (b) when it does not tell the consumer that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

61.     Statebridge's collection letter did not contain material information relating to whether Plaintiff could be sued on the Account, or the effect of making a payment on the Account.

62.     Plaintiff did not know that she could not be sued on the Account because of its age.

63.     An unsophisticated consumer would not know that she could not be sued on a debt like the Account because of its age.

64.     Plaintiff did not know that making a payment, or even attempting to make a payment, would reset the statute of limitations, permitting Statebridge or one of Wilmington's other debt collectors to sue Plaintiff to collect the Account.

65.     The unsophisticated consumer would not know that making a payment, or even attempting to make a payment, would reset the statute of limitations, permitting Statebridge or one of Wilmington's other debt collectors to file a collection lawsuit.

66.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **1.   the character, amount or legal status of any debt; . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. . . .**

67.     Statebridge made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued because the lawsuit was time-barred, and that certain actions such as payments could reset the statute of limitations.

FILED DATE: 6/15/2022 9:44 PM 2022CH05798

68.     Statebridge misrepresented the legal status of the Account, in violation of 15 U.S.C. § 1692e(2)(A), when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued because the lawsuit was time-barred.

69.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

70.     Statebridge engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it attempted to collect a time-barred debt without informing Plaintiff that she could not be sued because the lawsuit was time-barred, and that certain actions such as payments could reset the statute of limitations.

71.     Statebridge's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

72.     Plaintiff experienced emotional distress from speaking with the Statebridge representatives and arguing with them since she indicated that she had settled the Account.

73.     Plaintiff also experienced shaking in her hands, a fast heartbeat, and suffered a panic attack from these calls. Plaintiff is presently seeking care for these symptoms.

74.     Wilmington bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Statebridge. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

75.     Wilmington is vicariously liable for the actions of its agent, Statebridge, in connection with Statebridge's attempts to collect the Account from Plaintiff.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

## COUNT I—FDCPA VIOLATIONS
## AGAINST STATEBRIDGE

76.     Plaintiff re-states and re-alleges all of the above paragraphs as if set forth fully in this count.

77.     Statebridge misrepresented the amount of the Account by demanding full payment of $40,659.80 on April 4, 2022, when Plaintiff had settled the Account, in violation of §1692ae(2)(A).

78.     Statebridge misrepresented the amount of the Account by demanding full payment on each of the many phone calls, when Plaintiff had settled the Account in the Prior Lawsuit, in violation of §1692ae(2)(A).

79.     Statebridge used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when Statebridge sought to collect more than the amount owed on the Account.

80.     Statebridge used unfair and unconscionable means to collect the Account in violation of §1692(f)(1), when Statebridge sought to $40,659.80 on each phone call, when Plaintiff had previously settled the Account in full.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and against Statebridge as follows:

        A.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

        B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

        C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

        D.      Such other or further relief as the Court deems proper.

11

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

## COUNT II—ICFA VIOLATIONS—UNFAIR ACTS
## AGAINST ALL DEFENDANTS

81.     Plaintiff re-states and re-alleges all of the above paragraphs as if set forth fully in this count.

82.     Section 2 of ICFA prohibits unfair or deceptive acts or practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

83.     Defendants violated Section 2 of ICFA by engaging in unfair acts in the course of conduct involving trade or commerce when dealing with Plaintiff.

84.     At all times relevant, Wilmington was engaged in trade or commerce in Illinois by selling mortgage services to residents of Illinois.

85.     At all times relevant, Statebridge and Wilmington were engaged in trade or commerce in Illinois by engaging in debt collection directed at residents of Illinois.

86.     At all times relevant, Plaintiff was a consumer within the meaning of ICFA.

87.     After Plaintiff settled the Account, Wilmington failed to recall the Account from Statebridge, and left Statebridge to continue attempting to collect the Account that Plaintiff had already settled.

88.     Wilmington's practice of not recalling consumer accounts from collection agencies after they have settled was unfair.

89.     Statebridge attempted to collect amounts from Plaintiff that she did not owe.

90.     The practice by Statebridge of collecting amounts not owed was unfair.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

91.     Defendants intended that Plaintiff rely on their unfair actions because such actions were ongoing and were intended to force Plaintiff to pay excess amounts that he did not owe.

92.     Defendants' conduct was willful, malicious, unfair, and arbitrary.

93.     Defendants' actions cause substantial injury to consumers generally because:

   a)   consumers reasonably expect that creditors and debt collectors will cease collection activities on accounts that are paid off in full;

   b)   consumers reasonably expect that creditors and debt collectors will communicate with them truthfully and accurately regarding their accounts; and

   c)   consumers reasonably expect that creditors and debt collectors will not demand payment for amounts that are not owed.

94.     This practice has caused substantial injury and harm to Plaintiff.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and against Defendants as follows:

   A.   Actual damages;

   B.   punitive damages;

   C.   Costs, expenses, and reasonable attorneys' fees; and

   D.   Any other relief the Court deems equitable and just.

### COUNT III—ICFA VIOLATIONS—DECEPTIVE ACTS AGAINST ALL DEFENDANTS

95.     Plaintiff re-states and re-alleges all of the above paragraphs as if set forth fully in this count.

96.     Wilmington engaged in deceptive acts by failing to recall the Account from Statebridge after Plaintiff had settled the Account in full.

97.     Such a practice results in debt collectors demanding payments from consumers of amounts that are not owed.

13

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

98.     Statebridge engaged in deceptive acts by demanding payments from Plaintiff that she did not owe, and demanding payments on an Account that Plaintiff had already settled in full.

99.     Statebridge acted as Wilmington's agent and is vicariously liable for Statebridge's misconduct.

100.    Defendants intended that Plaintiff rely on their deceptive actions because such actions were ongoing and were intended to force Plaintiff to pay excess amounts that he did not owe.

101.    Defendants' conduct was willful, malicious, unfair, and arbitrary.

102.    Defendants' actions cause substantial injury to consumers generally because:

    a)    consumers reasonably expect that creditors and debt collectors will cease collection activities on accounts that are settled;

    b)    consumers reasonably expect that creditors and debt collectors will communicate with them truthfully and accurately regarding their accounts; and

    c)    consumers reasonably expect that creditors and debt collectors will not demand payment for amounts that are not owed.

103.    This practice has caused substantial injury and harm to Plaintiff.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of herself and the class and against Defendants as follows:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Costs, expenses, and reasonable attorneys' fees; and

    D.    Any other relief the Court deems equitable and just.

FILED DATE: 6/15/2022 9:44 PM  2022CH05798

### COUNT IV—TCPA VIOLATIONS (CLASS CLAIM)
### AGAINST STATEBRIDGE

104.     Plaintiff re-states and re-alleges all of the above paragraphs as if fully set forth in this count.

105.     During the calls from Statebridge that occurred on regular basis from December 2021 until the date of this lawsuit, Plaintiff was presented with a pre-recorded message that stated, "this line may be recorded," followed by a click and pause, after which a representative would come on the line.

106.     Plaintiff was then connected to a Statebridge representative.

107.     When calling Plaintiff to collect the Account, Statebridge used software which has the capacity to place robocalls calls to Plaintiff.

108.     Section 227(b)(1)(A)(iii) of the TCPA prohibits any person within the United States from making any call using an artificial or prerecorded voice to any cellular telephone line absent the express consent of the recipient.

109.     Plaintiff never consented to receiving calls to her cell phone from any Defendant using an artificial or prerecorded voice.

110.     Statebridge's robocalls to Plaintiff's cell phone using a prerecorded or artificial voice violated Section 227(b)(1)(A)(iii) of the TCPA.

111.     During all relevant times, Statebridge's employees, representatives, and/or agents were acting at the control and direction of Wilmington, which is vicariously liable for the actions of and TCPA violations by Statebridge and its employees, representatives, and/or agents.

112.     Upon information and belief, the business models of Statebridge involve attempting to collect debts by using robocalls with prerecorded or artificial voices to call cellular telephones, regardless of whether they have consent to place such calls.

15

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

113.   Upon information and believe, many of the numbers Statebridge call to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

114.   As a result, many of these numbers are called without express consent of the consumer, who did not provide the number in the first place.

115.   Upon information and belief, Statebridge already keeps records and data from which it can determine which prerecorded calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons.

116.   Statebridge knew about the TCPA and its restrictions on robocalls and prerecorded or artificial voices before making the calls to Plaintiff and the class, but made these robocalls to cellular phones in spite of such knowledge.

117.   Statebridge also knew that they did not have "prior express consent" to call phone numbers that had been obtained through skip trace or any means other than directly from the called party, or that any such consent had been revoked (i.e. when the recipient no longer owed the debt Statebridge was calling to collect).

118.   None of the Defendants had consent to call Plaintiff about the Account after Plaintiff paid off the Account.

119.   On information and belief, Statebridge also used third party vendors to make calls.

120.   The robocalls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of her cellular telephone line for other potential callers.

121.   The calls were intentionally, willfully and knowingly initiated.

122.   The calls were not initiated by accident or mistake.

FILED DATE: 6/15/2022 9:44 PM    2022CH05798

## CLASS ALLEGATIONS

123.    Plaintiff brings this action on behalf of herself and a class of similarly situated individuals defined as follows:

> All persons in the United States: (1) whose cellular telephone number, on or after four years prior to the filing of this action; (2) Statebridge or someone on its behalf called using the same or similar artificial or prerecorded or artificial voice used to call Plaintiff; (3) where such calling occurred without the person's express consent.

124.    Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Statebridge called without permission where Statebridge used a prerecorded or artificial voice.

125.    Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a.    Whether the calls to Plaintiff and the class were made using a prerecorded message or artificial voice as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

    b.    Whether Statebridge had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

    c.    Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

126.    Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases for liability to Plaintiff and the other members of the class are the same.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

127.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation.

128.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, hundreds of class members, such that joinder of all members is impracticable.

129.     No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

130.     Statebridge has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

131.     The identity of the class is, on information and belief, readily identifiable from the records of Statebridge.

WHEREFORE, Plaintiff Mildred Person, individually and on behalf of the class, respectfully requests that the Court enter judgment against Statebridge and for:

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

A.     Certification of the class as alleged herein;

B.     A declaration that Statebridge violated the TCPA as to Plaintiff and the class;

C.     Injunctive relief aimed at ensuring that Statebridge stops violating the TCPA in the future, including:

         1.     Requiring Statebridge to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Statebridge's outbound calls to ensure that Statebridge had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D.     Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

E.     Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F.     Attorneys' fees and costs, as permitted by law; and

G.     Such other or further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

FILED DATE: 6/15/2022 9:44 PM   2022CH05798

Respectfully submitted,

By: /s/ *Seth McCormick*
       Seth McCormick

Seth McCormick
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E: seth@glclf.com

*Attorney for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

By: /s/ *Seth McCormick*
    Seth McCormick

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ *Seth McCormick*
    Seth McCormick

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 15

FILED
7/12/2022 4:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05798
Calendar, 15
18642604

FILED DATE: 7/12/2022 4:15 PM    2022CH05798

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |

**Summons - Alias Summons**                                    **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MILDRED PERSON, on behalf of herself and
all others similarly situated,

                                                    Plaintiff(s)

                    v.

STATEBRIDGE COMPANY, LLC

Case No.    2022CH05798

                                                    Defendant(s)

c/o Incorp Services, Inc., 901 S. 2nd St., Suite
201, Springfield, IL 62704

                        Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

FILED DATE: 7/12/2022 4:15 PM  2022CH05798

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 64641
○ Pro Se 99500

Name: Seth McCormick

Atty. for (if applicable):

Great Lakes Consumer Law Firm, LLC

Address: 73 W. Monroe St., Suite 100

City: Chicago

State: IL  Zip: 60603

Telephone: (312) 971-6787

Primary Email: seth@glclf.com

7/12/2022 4:15 PM IRIS Y. MARTINEZ

Witness date _____

_____
IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 7/12/2022 4:15 PM    2022CH05798

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 15

FILED DATE: 7/12/2022 4:15 PM   2022CH05798

FILED
7/12/2022 4:15 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05798
Calendar, 15
18642604

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MILDRED PERSON, on behalf of herself and
all others similarly situated,

Plaintiff(s)

v.

Wilmington Savings Fund Society, FSB, d/b/a
Christiana Trust, Trustee for PNPMS Trust II

Defendant(s)

500 Delaware Avenue, 11th Floor
Wilmington, DE 19801

Address of Defendant(s)

Case No.    2022CH05798

Please serve as follows (check one):   ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/ appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 64641
○ Pro Se 99500

Name: Seth McCormick

Atty. for (if applicable):

Great Lakes Consumer Law Firm, LLC

Address: 73 W. Monroe St., Suite 100

City: Chicago

State: IL     Zip: 60603

Telephone: (312) 971-6787

Primary Email: seth@glclf.com

7/12/2022 4:15 PM IRIS Y. MARTINEZ

Witness date _____

_____
IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 7/12/2022 4:15 PM   2022CH05798

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

**CHANCERY DIVISION**
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

**CIVIL DIVISION**
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

**COUNTY DIVISION**
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

**DOMESTIC RELATIONS/CHILD SUPPORT DIVISION**
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

**DOMESTIC VIOLENCE**
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

**LAW DIVISION**
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

**PROBATE DIVISION**
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

**ALL SUBURBAN CASE TYPES**

**DISTRICT 2 - SKOKIE**
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

**DISTRICT 3 - ROLLING MEADOWS**
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

**DISTRICT 4 - MAYWOOD**
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

**DISTRICT 5 - BRIDGEVIEW**
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

**DISTRICT 6 - MARKHAM**
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

FILED DATE: 7/12/2022 4:15 PM   2022CH05798

District 1

# Case Summary

### Case No. 2022CH05798

| | | | |
|---|---|---|---|
| **Mildred Person-vs-Statebridge Company,** | § | Location: | **District 1** |
| **LLC,Wilmington Savings Fund Society, FSB, d/b/a** | § | Judicial Officer: | **Calendar, 15** |
| **Christiana Trust as Trustee for PNPMS Trust II** | § | Filed on: | **06/15/2022** |
| | § | Cook County Attorney Number: | **64641** |

---

## Case Information

| | |
|---|---|
| Case Type: | Class Actions |
| Case Status: | **06/15/2022 Pending** |

---

## Assignment Information

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2022CH05798 |
| Court | District 1 |
| Date Assigned | 06/15/2022 |
| Judicial Officer | Calendar, 15 |

---

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Person, Mildred** | **McCormick, Seth Barrow** *Retained* |
| **Defendant** | **Statebridge Company, LLC** | |
| | **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust II** | |

---

## Events and Orders of the Court

| | |
|---|---|
| 10/14/2022 | **Case Management** (10:00 AM) (Judicial Officer: Loftus, Anna M.)<br>Resource: Location CH2410 Court Room 2410<br>Resource: Location D1 Richard J Daley Center |
| 07/12/2022 | Summons Issued And Returnable |
| 07/12/2022 | Summons Issued And Returnable |
| 06/15/2022 | New Case Filing |
| 06/15/2022 | Class Action Complaint Filed (Jury Demand) |

Printed on 07/15/2022 at 12:35 PM